NOMAAEA and TAVAI ESERA of Utulei, Plaintiffs

v.

LAULUSA of Utulei, Defendant

No. 12-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Gataivai" in Utulei]

September 6, 1951

ARTHUR A. MORROW, *Chief Justice;* and MALEPEAI, *Associate Judge.*

DECISION

Heard at Fagatogo August 16 and August 17, 1951.
Tupua for Nomaaea; Leota for Tavai; and Meauta for Laulusa.

MORROW, *Chief Justice.*

On October 3, 1950 Laulusa of Utulei filed his application with the Registrar of Titles to have certain land in the village of Utulei registered as communal land of the Laulusa family. The land was designated Gataivai on the survey thereof accompanying the application. On October

19, 1950, Nomaaea Ta'a of Utulei filed an objection to such proposed registration claiming that the land was his individually owned property. On November 27, 1950, Tavai Esera of Utulei also filed an objection to such proposed registration claiming that the land was communal land of the Tavai family. Hence this litigation. See Section 905 of the American Samoa Code.

Prior to the hearing the Court, in order that it might have a better understanding of the evidence when presented, viewed the land with all the parties present. Prior to World War II all of the land, except a small part thereof adjacent to the public highway running through Utulei, was swamp. During the War the swampy part was filled in.

Nomaaea testified that about 1919 he was assigned the land by Laulusa Faoato and thereupon began to occupy it. At that time he was a young man with the name of Ta'a. About 1941 he was registered as the holder of the matai name Nomaaea. He further testified that he had plantations on the dry part of the land from the time he began to occupy it and that prior to the War he had kept the swampy part clean at the direction of a representative of the Public Health Department. Our conclusion from the evidence is that he did not become the owner of the land in his individual capacity but that instead he merely occupied it in accordance with Samoan customs through the authority of Laulusa Faoato, his matai. It is customary in American Samoa for the matai of a family to assign pieces of communal land to various members of the family for their use. We are convinced that there was no intention on the part of the Laulusa family to give this land (now claimed by them as their own communal land) to Nomaaea. We believe from the evidence that the matai merely assigned it to him for his use as a member of the family in accordance with Samoan custom.

Laulusa was unable to give any satisfactory explanation

to the Court as to how the land became the property of the Laulusa title. His claim that it was the property of the Laulusa title was based upon no more than an assertion by him that it was. The evidence in support of Laulusa's claim does not warrant the conclusion that the property is the communal family land of the Laulusa title.

We are convinced that the weight of the evidence supports the view that this land was at one time the property of Fano of Fagaalu; that a Tavai, many years prior to the establishment of the Government, married one Lealaisea, the daughter of the then Fano, and that said Fano made a gift of the land to the Tavai title for the use and benefit of the then Tavai and his (Fano's) daughter Lealaisea and their descendants. In other words, the gift was made not to the title Tavai generally but to the Tavai title for the use of particular persons, as above stated. There are many descendants of the Tavai and his wife Lealaisea. Of course the Tavai and his wife Lealaisea have been dead for many years. In fact, they must have died long before the establishment of the Government here in 1900 as the evidence indicated that the gift was made between a hundred and two hundred years ago.

We believe from the evidence that Laulusa, Tavai Esera and Nomaaea are descendants of the said Tavai and his wife Lealaisea, and that their respective claims to the land arise out of the fact that they are such descendants, but that they are confused as to their respective rights in the land.

In accordance with our findings as to the facts, it is ORDERED, ADJUDGED and DECREED that the land "Gataivai," as shown in the survey accompanying the application of the Laulusa to have it registered shall be registered as the property of the Tavai title for the use and benefit of the descendants of Tavai and Lealaisea, the daughter of Fano. And it is further ORDERED, ADJUDGED and DE-

CREED that Laulusa, Tavai Esera and Nomaaea are among such descendants. The Court makes no finding and no decree as to who the other descendants of said Tavai and Lealaisea may be, if there are any such.

Costs in the amount of $16.67 are hereby assessed against each of the parties, namely, Laulusa, Nomaaea and Tavai Esera. All costs are to be paid within thirty days.